2009R00124
MP/dc

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br>v.<br><br>MICHAEL J. McGRATH, Jr.<br><br>*Defendant.* | Honorable Katharine S. Hayden<br><br>Criminal No. 09-436<br><br>CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE |

**WHEREAS**, on June 11, 2009, the United States filed an Information in this case against Michael J. McGrath, Jr. ("Defendant") charging him with conspiracies to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, and to commit money laundering, in violation of 18 U.S.C. § 1956(h);

**WHEREAS**, on June 11, 2009, Defendant pled guilty to the Information;

**WHEREAS**, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of an offense in violation of 18 U.S.C. § 1349 shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense;

**WHEREAS**, pursuant to 18 U.S.C. § 982, a person convicted of an offense in violation of 18 U.S.C. § 1956(h) shall forfeit to the United States any property, real or personal, that was involved in the offense or is traceable to such property;

**WHEREAS**, by virtue of the above, the United States is now entitled to all property, real and personal, that constitutes or is derived from proceeds

traceable to the commission of the offense, and all property, real and personal, that was involved in the offense or is traceable to such property, including:

    (a)    the contents of TD Bank account number 037720376, held in the name of Defendant and Susan C. McGrath ("his wife");

    (b)    the contents of TD Bank account number 7865781244, held in the name of EvenFlow Funding, LLC;

    (c)    the contents of TD Ameritrade, Inc. account number 181-19118, held in the name of Defendant and his wife;

    (d)    the contents of Newbridge Securities Corporation account number 7696-3204, held in the name of Defendant and his wife;

    (e)    the contents of J.P. Turner and Co. account number 76017813, held in the name of EvenFlow Funding, LLC.;

    (f)    the contents of J.P. Turner and Co. account number JPK012890, held in the name of Defendant and his wife;

    (g)    the contents of J.P. Turner and Co. account number JPK727644, held in the name of Defendant;

    (h)    the contents of Texas Capital Bank account number 1116000569, held in the name of EvenFlow Funding, LLC;

    (i)    the contents of Capital One Bank account number 3394002830, held in the name of U.S. Mortgage Corp.;

    (j)    the property known as 307-313 Newark Street, Hoboken, New Jersey, held in the name of Hoboken Parking SPE 1 LLC;

(k) all funds not specifically identified above that Defendant has caused to be transferred to the U.S. Marshal's Service; and

(l) a sum of money equal to approximately $139,648,807.70 in United States currency, representing the amount of proceeds obtained as a result of the offense (paragraphs (a)-(l) collectively describing the "Property");

**WHEREAS** Defendant acknowledges that the Property was involved in an offense in violation of 18 U.S.C. § 1956(h) that includes proceeds obtained as a result of his offenses or is derived from proceeds traceable to the commission of his mail and wire fraud offenses in violation of 18 U.S.C. § 1349 as set forth in the Information, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982 and 28 U.S.C. § 2461(c);

**WHEREAS** Defendant agreed to forfeit the Property, waives all interests in and claims to the Property, and hereby consents to the forfeiture of the Property to the United States; and

**WHEREAS** Defendant:

(1) agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Property;

(2) waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging

instrument, announcement of the forfeiture in the Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment;

(3) acknowledges that he understands that forfeiture of the Property will be part of the sentence imposed upon the Defendant in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(4) will, pursuant to Rule 32.2(b)(3), promptly consent to the finalization of the order of forfeiture before sentencing if requested by the Government to do so;

(5) waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Property described above;

(6) waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this consent judgment;

(7) agrees to cooperate in resolving third-party claims in favor of the United States,

and for good and sufficient cause shown;

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT** the Property, namely:

(a) the contents of TD Bank account number 037720376, held in the name of Defendant and his wife;

- 4 -

(b)     the contents of TD Bank account number 7865781244, held in the name of EvenFlow Funding, LLC;

(c)     the contents of TD Ameritrade, Inc. account number 181-19118, held in the name of Defendant and his wife;

(d)     the contents of Newbridge Securities Corporation account number 7696-3204, held in the name of Defendant and his wife;

(e)     the contents of J.P. Turner and Co. account number 76017813, held in the name of EvenFlow Funding, LLC.;

(f)     the contents of J.P Turner and Co. account number JPK012890, held in the name of Defendant and his wife;

(g)     the contents of J.P. Turner and Co. account number JPK727644, held in the name of Defendant;

(h)     the contents of Texas Capital Bank account number 1116000569, held in the name of EvenFlow Funding, LLC;

(i)     the contents of Capital One Bank account number 3394002830, held in the name of U.S. Mortgage Corp.;

(j)     the property known as 307-313 Newark Street, Hoboken, New Jersey, held in the name of Hoboken Parking SPE 1 LLC;

(k)     all funds not specifically identified above that Defendant has caused to be transferred to the U.S. Marshal's Service; and

(l)     a sum of money equal to approximately $139,648,807.70 in United States currency, representing the amount of proceeds obtained as a result of the offense

are hereby forfeited to the United States of America pursuant to the provisions 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982, for disposition in accordance with the provisions of 21 U.S.C. § 853;

**THAT**, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days;

**THAT** pursuant to 21 U.S.C. § 853(n)(2), any person, other than Defendant, asserting a legal interest in any of the above-listed property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

**THAT**, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought;

**THAT** the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the

property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified;

**THAT**, the aforementioned forfeited property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States;

**THAT**, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant up to the value of the Property described above, if the Property or any portion thereof, as a result of any act or omission of Defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; and

**THAT**, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

**ORDERED** this 24th day of February, 2011.

Honorable Katharine S. Hayden
United States District Judge

The Undersigned hereby consent to the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

By: MARK E. COYNE
Assistant U.S. Attorney

Dated: 2/24/2011

JOHN M. VAZQUEZ, ESQ.
Counsel for Defendant

Dated: 2/24/2011

MICHAEL J. McGRATH Jr.
Defendant

Dated: 2/24/2011