UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>MICHAEL J. MCGRATH, JR.<br><br>*Defendant.* | Honorable Katharine S. Hayden<br><br>Criminal No. 09-436<br><br>**Order** |

### STIPULATION AND ORDER  PROVIDING PROCEDURES
### FOR THE RESOLUTION OF VICTIMS' CLAIMS
### AND DISTRIBUTION OF THE VICTIMS' FUND

**WHEREAS**, this Court entered an Order on or about February 24, 2011 where Property (as defined in that Order) was forfeited to the United States of America pursuant to the provisions 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982, for disposition in accordance with the provisions of 21 U.S.C. § 853, and that forfeited property is currently being held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States;

**WHEREAS**, on June 13, 2010, Michael J. McGrath, Jr. ("McGrath") pleaded guilty to one count of mail and wire fraud conspiracy and one count of money laundering conspiracy based, in substantial part, upon his fraudulent sale of mortgages to Federal National Mortgage Association ("Fannie Mae") through CU National Mortgage, LLC ("CU National") and US Mortgage Corp., of approximately 544 first mortgage loans with an outstanding principal balance of approximately $139 million that CU National was servicing for certain credit unions;

**WHEREAS**, the credit unions whose mortgage loans McGrath fraudulently caused to be sold either did not consent to the sale of such mortgage loans or did not receive the proceeds from sales to which they consented;

**WHEREAS**, McGrath was sentenced to prison for his crimes, at a sentencing hearing held before the Court on February 24, 2011;

**WHEREAS**, as of the date hereof, the funds seized by the United States and ordered forfeited by the Court by order dated August 25, 2011 (the "Forfeiture Order") total approximately $11,549,758, plus interest, which amount is expected to increase by an additional $1,503,145, for a total of $13,052,903, which sum may increase in the future (the "Restitution Funds");

**WHEREAS**, pursuant to 18 U.S.C. § 3664, the Court shall order restitution "to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1). A party entitled to share in the Restitution Funds is hereinafter referred to as a "Victim";

**WHEREAS**, on February 23, 2009 ("US Mortgage Petition Date") and April 1, 2009, U.S. Mortgage Corp. and CU National Mortgage, LLC (together, the "Debtors"), respectively, filed voluntary chapter 11 petitions for relief in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court");

**WHEREAS**, on October 26, 2009, the Bankruptcy Court entered an Order Confirming the Debtors' Third Amended Joint Plan of Liquidation (as supplemented, modified, or amended, the "Plan"). On November 25, 2009 (the "Effective Date"), the Plan became effective. Pursuant to the terms of the Plan, on the Effective Date, the Liquidating Trust Agreement (the "Trust Agreement") was executed, thereby creating a liquidating trust for the Debtors (the "Trust") and appointing Anthony R. Calascibetta as Liquidating Trustee;

WHEREAS, Anthony Calascibetta has resigned as Liquidating Trustee and Edward P. Bond ("Trustee") has been appointed as Liquidating Trustee in accordance with the Plan;

WHEREAS, the Plan provides, among other things, that the Trustee is authorized to maintain a separate account for the Restitution Fund;

WHEREAS, as a result of the entry of the Forfeiture Order, the United States has taken custody of the funds that were subject to the Forfeiture Order;

WHEREAS, the United States has agreed to have the Trustee administer the restitution claim process and make distributions to Victims;

WHEREAS, persons and entities who contend they are a Victim, the Department of Justice and the Trustee desire to establish procedures to identify Victims, determine the amount of any claims, administer the Restitution Fund and make distributions to Victims;

NOW, THEREFORE, it is hereby stipulated and ordered as follows:

## APPOINTMENT OF THE TRUSTEE

1.      The Trustee is appointed as the administrator of the Restitution Fund, subject to the supervision of the Court and the Department of Justice.  The Trustee shall open a segregated account with Huntington National Bank (or such other financial institution as the Parties shall agree to in writing), in accordance with the investment criteria set forth in 11 U.S.C. § 345, from which the Trustee will make distributions to Victims as provided in this Stipulation and Order.

2.      The Trustee shall be entitled to reasonable compensation for his service and reimbursement of expenses.  The Trustee shall be entitled to retain the law firm of Forman Holt Eliades & Ravin LLC as counsel, and Bederson & Company LLP, Wiss & Company and EisnerAmper LLP for claim and accounting support.  The Trustee shall submit a budget (the "Budget") to the Department of Justice setting forth the estimated fees and expenses of the Trustee

and all retained professionals.  In no event shall the total compensation paid to the Trustee and retained professionals exceed $500,000.  The Trustee and each professional retained by him shall submit monthly invoices to the Department of Justice for services rendered.  The Department of Justice shall have 30 days from the date of receipt of such invoice to review and, if necessary, object to such invoice.  If there is no objection to such invoice, the Department of Justice shall remit the applicable payment to the Trustee for payment of the approved professional fees.  The United States Attorney shall establish a litigation forfeiture account for the purpose of paying approved fees and expenses.  In the event that an objection to any fees or expenses is lodged, the Trustee and/or the applicable retained professional and Department of Justice will attempt to resolve such objection in good faith; provided, however, that in the event the parties are unable to resolve such objection, the dispute may be submitted to the Bankruptcy Court for resolution.  The Department of Justice is authorized to establish an appropriate reserve based upon the Budget in the Restitution Fund for the payment of reasonable fees and expenses.

## VICTIMS' CLAIMS PROCESS

3.       Any person or entity who contend they are a Victim wishing to assert a claim (a "Claim") against the Restitution Fund shall, within forty-five (45) days of the date this Stipulation and Order is approved and So Ordered by the Court (the "Claim Submission Deadline"), submit to the Trustee at the address listed below, either by overnight or certified, return receipt requested mail, a completed Victim's claim form, substantially in the form annexed hereto as Exhibit "A" (a "Claim Form").  Notice of the Claim Submission Deadline (the "Notice"), substantially in the form attached hereto as Exhibit B, shall be sent by first class mail to all Victims who have submitted claims in the US Mortgage Corp. bankruptcy case and any known insurance carriers with coverage claims relating to any Victim within 5 days of the date of this Order.

**Calculation of Loss Amount**

4.    A Victim's Claim can fall into one of three categories:  Double Sold Loans; Unpaid Authorized Sold Loans; or Other Claims.  Any unauthorized sales of loans for which the sales proceeds were not remitted to the credit union shall be considered Double Sold Loans as such term is used herein.  Any authorized sales of loans for which the sales proceeds were not remitted to the credit union shall be considered Unpaid Authorized Sold Loans as such term is used herein.  Fannie Mae shall be considered a Victim to the extent it suffered a loss on any Double Sold Loans or Unpaid Authorized Sold Loans.

5.    The loss amount to be allowed as part of a Victim's Claim for Double Sold Loans and Unpaid Authorized Sold Loans (each a "Mortgage Loan") shall be the unpaid principal balance due on the Mortgage Loans as of the US Mortgage Petition Date, together with any interest accrued on such Mortgage Loan on or prior to the US Mortgage Petition Date that was collected by the Debtors from the homeowner but not remitted to the Victim.

6.    For purposes of calculating the amount of the Victim's Claim, any victim who receives any payment from such Victim's insurance carrier related to or arising from their loss asserted in the Victim's Claim shall apply the insurance payment to reduce the amount of the Victim's Claim consistent with Paragraph 11 hereof.  With respect to any Victim who has assigned part or all of its Victim's Claim to any other party (including any other Victim), such insurance recovery will be applied pro rata to both its assigned and unassigned claims.  With respect to the recovery from the Victim's insurance carrier, and in accordance with 18 U.S.C. § 3664 (j)(1), the amount recovered from insurance shall be deducted from the claim, whether asserted by the initial Victim or any assignee thereof, and any insurance carrier acting through the right of subrogation (i) shall have a subordinated claim to the Restitution Fund in the amount of any insurance recovery and

- 5 -

(ii) shall receive no distribution from the Restitution Fund on account of such subordinated claim until all other Claims held by Victims have been paid in full.

7.      The loss amount for Other Claims will be the amount of pecuniary loss incurred by a Victim directly attributable to the crimes committed by McGrath (*i.e.*, that claimant meets the criteria of being classified as a victim under 28 C.F.R. § 9.8).

8.      In no event shall the loss amount to be allowed as part of a Victim's Claim for Double Sold Loans, Unpaid Authorized Sold Loans or Other Claims include (a) unremitted interest charges accruing after the US Mortgage Petition Date, (b) legal fees or other costs incurred by the Victim, (c) adjustments due to a change in the value on the secondary market of the Mortgage Loan, (d) adjustments due to a change in the performance or payment history of the Mortgage Loan, or (e) lost (i) profit, (ii) return on capital, (iii) opportunity cost or (iv) any other form of consequential damages.  The amount of any Victim's Claim will not be reduced as a result of the recovery of any interest paid on account of any Mortgage Loan after the US Mortgage Petition Date, which interest also accrued after the US Mortgage Petition Date.

9.      Except for the Double Sold Loans, Unpaid Authorized Sold Loans, and Other Claims, no other claims shall be entitled to participate in a distribution of the Victims' Fund absent a further order of the District Court, after notice to all Parties and a hearing.

**Claim Forms**

10.     Claims Forms and other notices to be sent to the Trustee shall be sent to the following address:

> **Edward P. Bond**
> **US Mortgage Liquidating Trustee**
> **c/o Bederson & Company LLP**
> **347 Mt. Pleasant Avenue**
> **West Orange, NJ  07052**
> **Telephone: (973) 736-3333**
> **Email: ebond@bederson.com**

1046039911\V-17

11.    The following information concerning each Victim's loss sustained as a result of McGrath's criminal conduct shall be provided in the Claim Form:

For Double Sold Loans and Unpaid Authorized Sold Loans:

(a) an itemized statement of the loss sustained as a result of McGrath's criminal conduct (as defined and limited below); (b) all claims submitted by the Victim for insurance coverage for all or part of the loss asserted in the Victim's Claim; (c) the amount of insurance coverage sought for the loss; (d) the status of such insurance claim, including any pending dispute regarding coverage; (e) the amount of any insurance payment received by the Victim from the insurance company related to or arising from the Victim's loss; (f) the amount of any recoveries from any other litigations relating to the Victim's loss (including, without limitation, cash, turnover of escrow payments and turnover of open loans); and (g) any claims assigned or transferred to such Victim.  Fannie Mae's itemized statement of the loss sustained shall be set forth credit union by credit union.  Any confidentiality provisions contained in any settlements entered into by a Victim that relates to the information required to be disclosed in this Stipulation and Order shall be deemed amended hereby to permit the confidential disclosure of the required information in the Claim Form, the review of such information by the Trustee and the confidential reporting to the Department of Justice required herein.

For Other Claims:

> (a) a statement of the balance due as of the US Mortgage Petition Date; (b) the method of calculating the amount of loss; and (c) documents which support the assertion that the loss arises directly as a result of McGrath's criminal activity.

12.     Any person or entity who fails to timely submit a completed Claim Form in accordance with this Order on or before the Claim Submission Deadline shall be forever barred from asserting a Victim's Claim, and such person or entity shall not be entitled to participate in any distribution of the Restitution Funds on account of such claim or to receive further notices regarding such claim.

**Review of Claims**

13.     Within forty-five (45) days after the Claim Submission Deadline, the Trustee will verify (a) each claimant is a Victim and is the holder of, and is entitled to assert, a Victim's Claim, (b) the loss amount asserted by each Victim is consistent with the criteria for an allowed Victim's Claim set forth in this Order, (c) the Claim is not duplicated by any other claim made, and (d) the portion of the Claim which has been reimbursed by an insurance payment, if applicable.

14.     The Trustee will rely on information obtained by him from the Debtors' records to determine if the loss amount asserted is accurate.  If there is a discrepancy, the Trustee will independently verify the information contained in the Debtors' records to determine the correct loss amount and use his independent analysis as the basis for his recommended amount of the allowed Victim's Claim.

15.     To the extent that a dispute exists between the Trustee and the Victim concerning the information provided on the Claim Form, the parties shall work in good faith to resolve the issue.  If the issue cannot be resolved, the Trustee may submit the matter to the Bankruptcy Court for

resolution.  The Trustee shall file any such disputed Claim Form under seal in order to maintain the

Confidentiality of the information contained in such Claim Form.  Notice of any such proceeding

shall be given to the Department of Justice and the United States Attorney.  The Federal Rules of

Bankruptcy Procedure shall apply to any such claim objection.  Any Victim may appear and be

heard with respect to any such dispute.

**Confidentiality of Claim Information**

16.    Except with respect to the publication and service of (i) a Global Claim Report

described below, which Report shall only disclose the information concerning the Victim's Claims

in the aggregate, and not specific information concerning any individual Victim's Claims or (ii) the

Proposed Final Restitution Fund Distribution Report, the Trustee shall keep confidential and not to

disclose to any person, except as otherwise provided herein with respect to the Department of

Justice, any information contained in a Claim Form concerning the details of any individual

settlement reached between a Party and Fannie Mae or with respect to any Insurance Payments

received by a Victim with respect to a Victim's Claim unless (a) the Victims whose information is

included as part of such disclosure have consented in writing prior to the release and disclosure of

such information, (b) such information is or becomes publicly available other than as a result of a

violation of this Stipulation and Order, or (c) the Trustee is required by any governmental,

judicial, or administrative agency or body, or pursuant to any subpoena, interrogatory or similar

process to disclose such confidential information, but only after the Trustee has provide the

Victim whose information is affected thereby with prompt written notice thereof, and to the extent

practicable or permitted, allowed such Victim a reasonable opportunity to resist such disclosure

unless the Trustee, in the opinion of his counsel, is compelled to disclose such confidential

information immediately without affording the Victims the opportunity to resist disclosure.  The

10460399\V-17

Department of Justice shall protect from disclosure to unauthorized third parties any confidential

Claim information that has been disclosed to the Department of Justice by the Trustee pursuant

to this Stipulation and Order, in accordance with 5 U.S.C. § 552a.

**Reporting and Distribution Procedures**

17.    Upon completion of his review of Claim Forms submitted, the Trustee shall file with

the Bankruptcy Court, with a copy to be served on each Victim who timely filed a claim and the

Department of Justice, a Global Claim Report (a "Global Claim Report"), which report shows the

following information: (a) the aggregate amount of Victim's Claims that are not subject to dispute,

(b) the aggregate amount of Victim's Claims (or portion of Claims) that are still subject to dispute,

and (c) the aggregate amount of Insurance Payments that are included as part of subsection (a) and

(b) above.  The Trustee shall submit to the United States Attorney and the Department of Justice a

confidential report (the "Initial Distribution Report") setting forth (a) the name of each Victim that

has filed a Claim, (b) the undisputed amount of each such Claim, (c) the disputed amount of such

Claim, (d) the amount of any Claim assigned to such Victim, (e) the amount of any insurance

payment received by such Victim and (f) the amount of initial distribution to be made to each

Victim. The Initial Distribution Report shall be confidential and subject to an appropriate seal order

of the Court if necessary. The Initial Distribution Report may not be publicly disseminated or filed

with the Court unless such filing is under seal.  Distributions to holders of uncontested Claims will

be made on a pro rata basis.  The Trustee will calculate reserves for any contested or unresolved

Claims and reflect such reserves on the Initial Distribution Report.  In the event a portion of a

Victim's Claim is disputed or unresolved, the Trustee may separate such Claim into two sub-claims,

with one sub-claim for the undisputed portion and the other sub-claim for the disputed portion. Any

Claim or portion thereof (including any assigned Claims) that is still the subject of an unresolved

insurance claim shall be included in the disputed portion of any bi-furcated claim. An initial distribution can be made to the holders of any such claims on the undisputed sub-claim. The disputed sub-claim shall be included with the reserve amount at the face amount of such disputed sub-claim.

18.     The United States Attorney and the Department of Justice shall review the Initial Distribution Report. The Department of Justice, Asset Forfeiture and Money Laundering Section shall make a final determination regarding whether to approve the Initial Distribution Report. Upon approval of the Initial Distribution Report, the Department of Justice shall release the funds necessary for the initial distribution to the Trustee for distribution to Victims. The Department of Justice shall retain the balance of the Restitution Fund.

19.     Promptly after resolution of all disputed claims, the Trustee shall file with the Bankruptcy Court, with a copy to be served on each Victim and the Department of Justice, his Proposed Final Restitution Fund Distribution Report (the "Trustee's Final Report"), which report shall identify the following information: (a) the aggregate total of all Victim's Claims, (b) the final amount of Restitution Funds that were available for distribution (including amounts that were previously distributed), (c) the name of each Victim, (d) the final undisputed amount of each Victim's Claim, (e) the amount that such Victim should receive as a total pro rata distribution of the Restitution Fund based its final Claim, including any initial and final distribution, (f) the amount of all fees and expenses incurred in the administration of the Restitution Fund; and (g) the amount to be reserved to cover the final fees and expenses of the Trustee and retained professionals. Any amounts reserved for disputed claims (as set forth in the Initial Distribution Report) shall be reconciled in the Trustee's Final Report. Any reserved amounts that are in excess of the amounts

10460399\V-17

needed for a pro rata distribution to the holder of any such disputed claim, shall be re-allocated and distributed on a pro rata basis to all Victims holding undisputed claims.

20.    After approval of the Trustee's Final Report by the Department of Justice, Asset Forfeiture and Money Laundering Section, the Department of Justice will release the Restitution Funds to the Trustee for distribution to Victims in accordance with the Trustee's Final Report.

21.    The person who executed this Stipulation and Order by or on behalf of each respective Party represents and warrants that he/she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

22.    This Stipulation and Order shall be enforceable only after entry of an order by the Court approving or so ordering it.

23.    The Court shall retain jurisdiction to interpret and enforce the terms of this Stipulation and Order.  The Bankruptcy Court shall have jurisdiction to resolve the specific matters referred herein, subject to final review and approval by the Court.

Agreed and consented to this

27th day of March, 2012

> **PAUL J. FISHMAN**
> **UNITED STATES ATTORNEY**
>
> By: _____
>     Mark E. Coyne
>     Assistant U.S. Attorney

10460399\V-17

**FORMAN HOLT ELIADES & RAVIN,  LLC**
*Counsel to Edward P. Bond, as Liquidating Trustee of the*
*Debtors U.S. Mortgage Corp. and CU National Mortgage,*
*LLC*

By: _____
      Erin J. Kennedy, Esq.

80 Route 4 East, Suite 290
Paramus, New Jersey  07652


**HAHN & HESSEN LLP**
*Counsel to ADP FCU, British Airways Employees FCU,*
*County Educators FCU, Diablo Valley FCU, Energy FCU,*
*First Florida FCU, formerly known as Seaboard Credit*
*Union, Frontier FCU, JM Associates FCU, Jersey Trades*
*FCU, formerly known as Local 102 Federal Credit Union,*
*Lassen County FCU, Newark Board of Education*
*Employees Credit Union, Novartis FCU, Piedmont*
*Advantage Credit Union, Pinnacle FCU, Rutgers FCU,*
*Treasury Department FCU, United Financial Services*
*Community FCU, and Velocity Credit Union*

By: _____
      Mark T. Power
      A Member of the Firm

488 Madison Avenue
New York, New York  10022
mpower@hahnhessen.com


**LATHAM & WATKINS LLP**
*Counsel to Federal National Mortgage Association*

By: _____
      Alan Kraus
      A Member of the Firm

One Newark Center, 16th Floor
Newark, New Jersey  07101-3174

104603091\V-17

**FORMAN HOLT ELIADES & RAVIN,  LLC**
*Counsel to Edward P. Bond, as Liquidating Trustee of the
Debtors U.S. Mortgage Corp. and CU National Mortgage,
LLC*

By:        _____
            Erin J. Kennedy, Esq.

80 Route 4 East, Suite 290
Paramus, New Jersey  07652


**HAHN & HESSEN LLP**
*Counsel to ADP FCU, British Airways Employees FCU,
County Educators FCU, Diablo Valley FCU, Energy FCU,
First Florida FCU, formerly known as Seaboard Credit
Union, Frontier FCU, JM Associates FCU, Jersey Trades
FCU, formerly known as Local 102 Federal Credit Union,
Lassen County FCU, Newark Board of Education
Employees Credit Union, Novartis FCU, Piedmont
Advantage Credit Union, Pinnacle FCU, Rutgers FCU,
Treasury Department FCU, United Financial Services
Community FCU, and Velocity Credit Union*

By:        _____
            Mark T. Power
            A Member of the Firm

488 Madison Avenue
New York, New York  10022
mpower@hahnhessen.com


**LATHAM & WATKINS LLP**
*Counsel to Federal National Mortgage Association*

By:        _____
            Alan Kraus
            A Member of the Firm

One Newark Center, 16th Floor
Newark, New Jersey  07101-3174

**FORMAN HOLT ELIADES & RAVIN, LLC**
*Counsel to Edward P. Bond, as Liquidating Trustee of the
Debtors U.S. Mortgage Corp. and CU National Mortgage,
LLC*

By:      _____
          Erin J. Kennedy, Esq.

80 Route 4 East, Suite 290
Paramus, New Jersey 07652

**HAHN & HESSEN LLP**
*Counsel to ADP FCU, British Airways Employees FCU,
County Educators FCU, Diablo Valley FCU, Energy FCU,
First Florida FCU, formerly known as Seaboard Credit
Union, Frontier FCU, JM Associates FCU, Jersey Trades
FCU, formerly known as Local 102 Federal Credit Union,
Lassen County FCU, Newark Board of Education
Employees Credit Union, Novartis FCU, Piedmont
Advantage Credit Union, Pinnacle FCU, Rutgers FCU,
Treasury Department FCU, United Financial Services
Community FCU, and Velocity Credit Union*

By:      _____
          Mark T. Power
          A Member of the Firm

488 Madison Avenue
New York, New York 10022
mpower@hahnhessen.com

**LATHAM & WATKINS LLP**
*Counsel to Federal National Mortgage Association*

By:      _____
          Alan Kraus
          A Member of the Firm

One Newark Center, 16th Floor
Newark, New Jersey 07101-3174

- 13 -

10460399\V-17

**KAUFMAN & CANOLES, P.C.**
*Counsel for Educational FCU*

By: _____
     R. Johan Conrod Jr.
     Shareholder

150 W. Main Street, Suite 2100
Norfolk, Virginia 23510

**SNR DENTON US LLP**
*Counsel to Suffolk FCU*

By: _____
     Hugh M. McDonald
     A Member of the Firm

1221 Avenue of the Americas
New York, New York 10020-1089
hugh.mcdonald@snrdenton.com

**SCOTT A. ROSENBERG, P.C.**
*Counsel to Sperry FCU*

By: _____
     Kevin R. Toole
     Shareholder

Suite 120
Westbury, New York 11590
ktoole@sarlegal.com
srosenberg@sarlegal.com

**STEIN, MCGUIRE, PANTAGES & GIGL, LLP**
*Counsel to Proponent FCU*

By: _____
     Robyn B. Gigl
     Partner

354 Eisenhower Parkway, P.O. Box 460
Livingston, NJ 07039-0460
rgigl@steinlegal.com

10460399\W-17

**KAUFMAN & CANOLES, P.C.**
*Counsel for Educational FCU*

By: _____

     R. Johan Conrod Jr.
     Shareholder

150 W. Main Street, Suite 2100
Norfolk, Virginia 23510

**SNR DENTON US LLP**
*Counsel to Suffolk FCU*

By: _____

     Hugh M. McDonald
     A Member of the Firm

1221 Avenue of the Americas
New York, New York 10020-1089
hugh.mcdonald@snrdenton.com

**SCOTT A. ROSENBERG, P.C.**
*Counsel to Sperry FCU*

By: _____

     Kevin R. Toole
     Shareholder

Suite 120
Westbury, New York 11590
ktoole@sarlegal.com
srosenberg@sarlegal.com

**STEIN, MCGUIRE, PANTAGES & GIGL, LLP**
*Counsel to Proponent FCU*

By: _____

     Robyn B. Gigl
     Partner

354 Eisenhower Parkway, P.O. Box 460
Livingston, NJ 07039-0460
rgigl@steinlegal.com

10460399\V-17

**KAUFMAN & CANOLES, P.C.**
*Counsel for Educational FCU*

By: _____
R. Johan Conrod Jr.
Shareholder

150 W. Main Street, Suite 2100
Norfolk, Virginia 23510

**SNR DENTON US LLP**
*Counsel to Suffolk FCU*

By: _____
Hugh M. McDonald
A Member of the Firm

1221 Avenue of the Americas
New York, New York 10020-1089
hugh.mcdonald@snrdenton.com

**SCOTT A. ROSENBERG, P.C.**
*Counsel to Sperry FCU*

By: _____
~~Keith R. Rook~~
~~Shareholder~~
Scott A. Rosenberg
A Member of the Firm
2400 Jericho Turnp. Ke, ste. 201
Garden City Park, N.Y. 11040

~~Suite 120~~
~~Westbury, New York 11590~~
~~krook@sarlegal.com~~
srosenberg@sarlegal.com

**STEIN, MCGUIRE, PANTAGES & GIGL, LLP**
*Counsel to Proponent FCU*

By: _____
Robyn B. Gigl
Partner

354 Eisenhower Parkway, P.O. Box 460
Livingston, NJ 07039-0460
rgigl@steinlegal.com

10460399\V-17

**KAUFMAN & CANOLES, P.C.**
*Counsel for Educational FCU*

By: _____
    R. Johan Conrod Jr.
    Shareholder

150 W. Main Street, Suite 2100
Norfolk, Virginia 23510

**SNR DENTON US LLP**
*Counsel to Suffolk FCU*

By: _____
    Hugh M. McDonald
    A Member of the Firm

1221 Avenue of the Americas
New York, New York 10020-1089
hugh.mcdonald@snrdenton.com

**SCOTT A. ROSENBERG, P.C.**
*Counsel to Sperry FCU*

By: _____
    Kevin R. Toole
    Shareholder

Suite 120
Westbury, New York 11590
ktoole@sarlegal.com
srosenberg@sarlegal.com

**STEIN, MCGUIRE, PANTAGES & GIGL, LLP**
*Counsel to Proponent FCU*

By: _____
    Robyn B. Gigl
    Partner

354 Eisenhower Parkway, P.O. Box 460
Livingston, NJ 07039-0460
rgigl@steinlegal.com

- 14 -

**SAIBER LLC**
*Counsel to Piccatinny FCU*

By: _____
James H. Forte
A Member of the Firm

18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
jforte@saiber.com

**SHUTTS & BOWEN LLP**
*Counsel to Miami Firefighters FCU*

By: _____
Michael Lozoff

1500 Miami Center
201 South Biscayne Blvd.
Miami, Florida 33131
mlozoff@shutts.com

**TRENK, DIPASQUALE, WEBSTER, DELLA FERA & SODONO, P.C.**
*Counsel to TCT FCU*

By: _____
Sam Della Fera, Jr.

347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey 07052-2730
sdellafera@trenklawfirm.com

So Ordered this ____ day

of ___October___, 2012

_____
Katharine S. Hayden
United States District Court Judge

10460399\V-17

**SAIBER LLC**
*Counsel to Piccatinny FCU*

By:      _____
      James H. Forte
      A Member of the Firm

18 Columbia Turnpike, Suite 200
Florham Park, New Jersey  07932
jforte@saiber.com


**SHUTTS & BOWEN LLP**
*Counsel to Miami Firefighters FCU*

By:      _____
      Michael Lozoff

1500 Miami Center
201 South Biscayne Blvd.
Miami, Florida  33131
mlozoff@shutts.com


**TRENK, DIPASQUALE, WEBSTER, DELLA FERA & SODONO, P.C.**
*Counsel to TCT FCU*

By:      _____
      Sam Della Fera, Jr.

347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey  07052-2730
sdellafera@trenklawfirm.com


So Ordered this ____ day
of _____, 2012

_____
Katharine S. Hayden
United States District Court Judge

I046039911V-17

- 15 -

**SAIBER LLC**
*Counsel to Piccatinny FCU*

By: _____
         James H. Forte
         A Member of the Firm

18 Columbia Turnpike, Suite 200
Florham Park, New Jersey  07932
jforte@saiber.com


**SHUTTS & BOWEN LLP**
*Counsel to Miami Firefighters FCU*

By: _____
         Michael Lozoff

1500 Miami Center
201 South Biscayne Blvd.
Miami, Florida 33131
mlozoff@shutts.com


**TRENK, DIPASQUALE, WEBSTER, DELLA FERA
& SODONO, P.C.**
*Counsel to TCT FCU*

By: _____
         Sam Della Fera, Jr.

347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey  07052-2730
sdellafera@trenklawfirm.com


So Ordered this 4 day
of October 2012

_____
Katharine S. Hayden
United States District Court Judge

- 15 -